UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JOHN OLIVER BRYANT,  :
        Petitioner,  :  **MEMORANDUM OPINION**
           :  **AND ORDER**
v.  :
           :  16 CV 4986 (VB)
UNITED STATES OF AMERICA,  :  93 CR 645 (VB)
        Respondent.  :
--------------------------------------------------------------x

Briccetti, J.:

    Petitioner John Oliver Bryant moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Purporting to rely on the authority of <u>Johnson v. United States</u>, 135 S. Ct 2551 (2015), Bryant asserts that when he was sentenced as a "career offender" under the then-mandatory Sentencing Guidelines, the Court erred in finding that certain of his prior convictions qualified as crimes of violence under the "residual clause" of the career offender guideline, U.S.S.G. §§ 4B1.1, 4B1.2(1)(ii) (1993).

    For the reasons set forth below, the motion is DENIED as untimely and the petition is DISMISSED.

## BACKGROUND

    The papers in support of and in opposition to the motion, and the record of the underlying criminal proceedings, reflect the following:

    On June 18, 1993, Bryant and his co-conspirators robbed a bank in Pearl River, New York, at gunpoint, then fled in a stolen getaway car. The robbers were pursued by the police, and a gun fight ensued in the parking lot of a nearby high school. The robbers managed to get away, and led numerous police cars on a thirty mile-long high speed chase into New Jersey. The getaway car sustained extensive damage during the chase, and eventually came to a stop. Each

1

of the robbers was arrested. Four loaded firearms were recovered, as well as the cash stolen from the bank. Thereafter, Bryant and his co-conspirators were indicted in this district for bank robbery (Count One), armed bank robbery (Count Two), use of a firearm during a crime of violence (Count Three), and conspiracy to commit armed bank robbery (Count Four). Following a jury trial in February 1994 before the late Honorable Charles L. Brieant, United States District Judge, Bryant was convicted on all four counts.

At sentencing on April 29, 1994, Judge Brieant determined that Bryant was a career offender pursuant to Section 4B1.1 of the Guidelines, because the offense of conviction was a crime of violence and Bryant had at least two prior felony convictions for crimes of violence. U.S.S.G. § 4B1.1 (1993). Specifically, in 1975 Bryant had been convicted of conspiracy to commit bank robbery and entering a bank with intent to commit a felony, and in 1980 he had been convicted of bank robbery. These convictions qualified as crimes of violence under the career offender guideline's residual clause, which applied to a felony offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1)(ii) (1993). As a result, Bryant's final offense level was 34, at Criminal History Category VI, with a sentencing range of 262-327 months' imprisonment on Counts One, Two, and Four. Count Three – the firearms offense – required a mandatory minimum term of 60 months' imprisonment, to be imposed consecutively to any other sentence imposed. Thus, the applicable mandatory sentencing range was 322-387 months.[1]

Citing the vicious and highly dangerous nature of Bryant's crimes, the fact that Bryant was a career criminal who acted as the ring leader of the conspiracy, and the need to confine Bryant for the protection of society, Judge Brieant sentenced Bryant to 300 months on Counts

---

[1] Absent the career offender designation, Bryant's sentencing range would have been substantially less.

One and Two (which merged for purposes of sentencing), 60 months on Count Three, and 27 months on Count Four, with all the sentences to run consecutively, for a total term of imprisonment of 387 months (32¼ years).[2]

The Second Circuit affirmed Bryant's conviction and sentence by summary order on January 27, 1995. United States v. Bryant, 47 F.3d 1159 (2d Cir. 1995). Bryant did not file a petition for certiorari with the Supreme Court.

On June 26, 2015, in Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), the Supreme Court held that the residual clause in the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which is identical in wording to the residual clause in Section 4B1.2 of the Guidelines, is unconstitutionally vague; and therefore that imposing an increased sentence under ACCA's residual clause violates due process. On April 18, 2016, in Welch v. United States, 136 S. Ct. 1257, 1268 (2016), the Court held that Johnson announced a new "substantive" rule of constitutional law that applies retroactively in cases that challenge on collateral review a sentence enhanced under ACCA.

On June 23, 2016, Bryant filed the instant Section 2255 motion. His central argument is that the career offender guideline's residual clause is unconstitutionally vague under the authority of Johnson and Welch.

On March 6, 2017, in Beckles v. United States, 137 S. Ct. 886, 892 (2017), the Supreme Court held that the career offender guideline's residual clause, which was made advisory – rather than mandatory – by the Court's decision in United States v. Booker, 543 U.S. 220 (2005), is not subject to a vagueness challenge under the Due Process Clause, since the Guidelines, unlike

---

[2] Bryant was also convicted of assault and weapons charges in New York state court arising out of his shootout with police following the bank robbery, and attempted murder and assault charges in New Jersey state court, arising out of a high speed police chase following the shootout.

ACCA, "do not fix the permissible range of sentences." Thus, the residual clause in the advisory career offender guideline remains valid after Johnson. The Court left open the question whether the residual clause in the mandatory career offender guideline is subject to a due process vagueness challenge.

## DISCUSSION

The government contends Bryant's petition is barred by the one-year statute of limitations in 28 U.S.C. § 2255(f).

The Court agrees.

A motion to vacate, correct or set aside a sentence must be filed within one year of the date a judgment of conviction becomes final by the completion of direct review. 28 U.S.C. § 2255(f)(1). Here, Bryant's judgment of conviction became final in 1995, more than twenty-one years before he filed his 2255 motion. There are three exceptions to the general rule, only one of which is arguably applicable here, namely that the motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Here, the "right asserted" has not yet been recognized by the Supreme Court. Bryant contends he is asserting what the Supreme Court in Johnson recognized as the "right not to have one's sentence fixed by a 'residual clause [that] produces more unpredictability and arbitrariness than the Due Process Clause tolerates.'" (Pet. reply mem. 9-10 (emphasis added)) (quoting Johnson v. United States, 135 S. Ct. at 2558). But the right recognized in Johnson is not, in fact, the right being asserted in this case. Johnson recognized a right not to be sentenced pursuant to a vague federal enhancement statute – ACCA. The right being asserted by Bryant is the right not

4

to have one's sentencing range within otherwise fixed statutory limits calculated under an allegedly vague provision. It is clear the Supreme Court has decided no such right exists under the advisory guidelines, Beckles v. United States, 137 S. Ct. at 890, and it is equally clear the Court has not – at least not yet – recognized such a right under the mandatory guidelines. See id. at 903 n.4 (Sotomayor, J., concurring).

The Court agrees with the government that the Supreme Court has not extended the reasoning of Johnson to make mandatory guideline provisions subject to vagueness challenges or, as relevant here, to declare the residual clause in the mandatory career offender guideline unconstitutionally vague.

Accordingly, having been filed more than one year after his conviction became final, and there being no applicable exception to that rule, Bryant's Section 2255 motion is untimely. Arguably, it also premature – because he is attempting to assert a right the Supreme Court has yet to recognize.

The weight of post-Beckles authority supports this conclusion. See, e.g., United States v. Greer, 2018 WL 721675, at *5 (10th Cir. Feb. 6, 2018) ("[T]he only right recognized . . . in Johnson was a defendant's right not to have his sentence increased under the residual clause of the ACCA. The Court . . . has still not decided . . . whether the mandatory Guidelines can be challenged for vagueness . . . let alone whether such a challenge would prevail."); United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017) (Beckles "made clear that the right announced in Johnson did not automatically apply to all similarly worded residual clauses."); Raybon v. United States, 867 F.3d 625, 629 (6th Cir. 2017) (whether Johnson "applies to the mandatory guidelines . . . is an open question"); United States v. Colasanti, 2017 WL 4273300, at *4 (D. Or. Sept. 26, 2017) (citing numerous other cases reaching same result). But see Reid v. United

States, 252 F.Supp.3d 63, 68 (D. Mass. 2017) (Johnson effectively invalidates the mandatory career offender guideline's residual clause).

In sum, Bryant's Section 2255 motion is untimely, and his petition must therefore be dismissed.

Because the motion is denied as untimely, the Court need not reach the merits of the petition.

## CONCLUSION

Petitioner's motion under 28 U.S.C. § 2255 is DENIED and the petition is DISMISSED.

As petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to close case 16 CV 4986.

Dated: February 20, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge